## K. Robert Brian Inc. v. Pennsylvania National Insurance Co.

Edward Gerard Conroy, for plaintiff.
Andrew J. Gallogly, for defendant.

WOOD, P.J., November 17, 1992—Plaintiff sued defendant for a broker's commission which plaintiff claimed to be due for having found an employee for defendant. I heard the matter without a jury on November 5, 1992, and as a result, make the following

### FINDINGS OF FACT

(1) Plaintiff is an employment agency with offices at 1760 Market Street, Philadelphia, Pa. 19103. Gene R. Nussbaum is employed by plaintiff.

(2) Defendant is an insurance company with offices at 455 Pennsylvania Avenue, Fort Washington, Pa. 19034. John Sedor is employed by defendant in a management position, with authority to hire claims representatives and claims adjusters.

(3) In or shortly before April 1988, one Julia Niewinski came to Nussbaum looking for employment in the insurance industry as a claims representative or claims adjuster.

(4) Nussbaum contacted John Sedor to see if he needed claims adjusters. Sedor said that he did. The two of them worked out a fee of 25 percent of the first year's salary of anyone who was hired through Nussbaum's efforts.

(5) Nussbaum sent Niewinski's resume over, along with a cover document noting that "[e]mployers who hire an applicant as a result of our referral, agree to pay our recruiting fee...."

(6) Sedor interviewed Niewinski on May 2, 1988, but a week or two later called Nussbaum and said that he was not interested in hiring Niewinski at the moment.

(7) Sedor did hire another person recommended by plaintiff at about that time, but he had no further openings.

(8) In December 1988, defendant had a new position open up. One of its employees told Sedor that she knew Niewinski from a previous job and recommended her.

(9) Based on that recommendation, and recalling the prior interview and resume that Niewinski had submitted, Sedor contacted Niewinski and hired her.

## DISCUSSION

Both sides agree that the question is whether or not plaintiff was the "efficient procuring cause" of the hiring by defendant. If plaintiff was, then plaintiff is entitled to a commission. If plaintiff was not, then it is not entitled to a commission.

All these rules of law are discussed in *Axilbund v. McAllister,* 407 Pa. 46, 180 A.2d 244 (1962), which analytically is the most analogous case to our present situation that I could find. *Axilbund* points out that where a broker brings a prospective buyer to a seller, and there is then

a break in the negotiations, and then the seller eventually sells to that buyer, the broker is not entitled to a fee: *Axilbund,* 407 Pa. at 56, 180 A.2d at 249. On the other hand, *Axilbund* points out the very real danger of the seller taking advantage of the broker's work, and then, by claiming that there had been a break in the negotiations, not paying for it. *Axilbund* also mentions the requirement, under section 447 of the Restatement (Second) of Agency, that if a broker seeks a commission on the basis of a certain offer or requirement made by a seller, the broker is entitled to a commission only on the terms advanced by the seller. In other words, a broker does not get the right to a commission simply by presenting a willing buyer (or in this case, an employee), if the deal is later struck on different terms.

I consider this a difficult case. I think that if Ms. Niewinski had been hired by the defendant to fill a position which was open at the time Nussbaum first inquired, I would be inclined to find that plaintiff was the efficient procuring cause, and to award judgment in its favor. However, considering that the uncontradicted testimony is that the position for which Niewinski was hired was not even available in April and May 1988, and was a new position created in or about December 1988, and that the negotiations had in effect broken off in the interim, I conclude that plaintiff was not the efficient procuring cause of the later hiring. Consequently, I render the following

## VERDICT

And now, November 17, 1992, after consideration of the evidence in the above matter, I enter a verdict in favor of defendant and against plaintiff in no amount.